OPINION of the court, by
Ch. J. Boyt.e.
-The only inquiry in this case is, whether in an action brought by the assignee upon an instrument under seal, a plea denying the assignment is an admissible defence ?
In such an action the assignment constitutes an essential part of the plaintiff’s right, and an averment of it in the declaration is so indispensably necessary, that an omission of the averment would be a fatal defect, even after verdict. It is a general rule, that w hat is necessary to the plaintiff’s right, and material to be alieg-,: ed in the declaration, maybe traversed or denied by the defendant. The only exception to this rule is wh ’ -i the allegation consists of matter of estopel. As the assignment is not of this nature, it follows that the defti* *329 dml cannot be pre chided from denying it. The manner ia which th:s sAU be done depends upon the nature of the action. If the action be brought.upon a limpíe contract, the general issue of nil debet or non aismmp’dt is a denial of the whole ljh', ?>nd puts the plaintiff upon the proof of every thing which he was obliged to allege in his declaration, it has accordingly been held that in an action by the endorsee of a promissory note or bill of exchange, the plaintiff must p.n.ve the hand writing oí the first endorser, arid of the f’di -rs also, ii vliev be alleged in the declaration — Sec Ih.ikh Evidence 255.’ But in an action like the pre-si nt, upon a specialty, there is no general issue known to the law which traverses the whole case : the plea of non ext factum denies the bond, but it does not question tí re a.Vtgnment, and there is no other plea more general and extensive. The defendant can therefore put the plaintiff upon the proof oí the assignment, in no other way than, by selecting and traversing* that pari of the plaintiff’s case by a plea adapted to the purpose. If he were not permitted to do this, the plaintiff might reenter although tlw-n were no rssigiim* nt in fact, or upon a false or forge d assignment ; and in stub a case the defendant would be sieg.-ci ,o a second recovery upon tne same bund, in a stut Í 10:."! t i>v the o¡ initial obligee. A doctrine hum vd ,. b -u h flagrant injustice would result cannot be a< Ini’it- d to be coi *•.» t.
As to che inconcina 1 ce to vi ; I; the pbiiiuiiT would be subjected, from tie, light >» h 1 A p ,1 contest the assignment, H grows out > i Ac .wiiue of bis title, and is not g»eater than the pi...12 'T m ocher cases is subject to. We h,.ie ;>h •.< ¡y sc en th:u it: un action by an endorsee oí a rote or bid of exu.arv.' , the plaintiff is bound to prove the endorsements through which ifre derives his title, and if this doctrine be c orrect when ¡¡applied to instruments of a commercial kind, which ⅜⅞ intended to circulate with as little embarrassment as possible, its correctness when applied to bonds or specialties cannot be doubted. Cases like the present aré not to be expected to be found in the English books, because in England bonds were not assignable St law. In point of principle, however, there are cases .perfectly analogous to the one under consideration. By a statute of Henry 8, the grantee or assignee of a *330 reversion is authorised to maintain an action oí covenanÍ against the lessee, which he could not do at common there .b(jing no privjty 0f contract between them. When the plaintiff claims as assignee of the reversion, the conveyance to him may be traversed by the defendant, and when this is done it is incumbent on the plaintiff to prove a conveyance duly and regularly made, or else a payment of rent to him by the defendant— Peak’s Evidence, 285. The case of the assignee of a reversion is not distinguishable in principle from that of the assignee ot a bond i neither ol them could bring an action at common law, and as' in the former case so in the latter, when the statute gave the right to the as-signee to sue, a correspondent right accrued to the defend ant, from the principles of the common law, to contest the facts upon which the plaintiff’s claim to recovery is founded. ' We think therefore that the plea in this case is in point of law a sufficient bar to the plaintiff’s action, and that the circuit court erred in sustaining the demurrer to it.-Judgment reversed, &c.